United States Court of Appeals
Fifth Circuit

**F I L E D**

November 22, 2005

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40016
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARD CUNNINGHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-844-ALL
_____

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

This court affirmed the judgment of conviction and sentence of Bernard Cunningham. United States v. Cunningham, No. 04-40016 (5th Cir. Jan. 4, 2005). The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). See Cunningham v. United States, 125 S. Ct. 2274 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

In his original appeal to this court, citing Apprendi v.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

_New Jersey_, 530 U.S. 466 (2000), Cunningham claimed that 21 U.S.C. § 841(a) and (b) were unconstitutional.  Because De Leon-Rocha did not make this argument at the district court, we review for plain error.  See _United States v. Pineiro_, 410 F.3d 282, 285-86 (5th Cir. 2005).

Under the _Booker_ holding that changes the Guidelines from mandatory to advisory, there is error in this case because the district court viewed and acted under the Sentencing Guidelines as mandatory and not discretionary.  Cunningham, however, cannot meet his burden to identify evidence in the record suggesting that the district court "would have reached a significantly different result" under an advisory scheme rather than a mandatory one. _United States v. Mares_, 402 F.3d 511, 521 (5th Cir. 2005), _cert. denied_, 126 S. Ct. 43 (2005).  After Cunningham continued to maintain his innocence, the sentencing judge did explain to him that he could not let him go free——some sentence was warranted.  These comments, given the mandatory minimum sentence that Cunningham faced, do not establish that Cunningham's substantial rights were affected, but point instead to the judge's explanation of the sentencing process.  As this court has held, a sentencing judge's expression of "mere sympathy" or "mere summary" of the law "is not indicative of a judge's desire to sentence differently under a non-mandatory Guidelines regime." _United States v. Creech_, 408 F.3d 264, 272 (5th Cir. 2005). Further, the district court sentenced Cunningham in the middle of the applicable Guideline range.

2

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we adhere to our prior determination and therefore reinstate our judgment AFFIRMING Cunningham's conviction and sentence.

**AFFIRMED.**